IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHURMAN DUNCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1250-HE |
| | ) |
| MIKE CODY and | ) |
| JOHN WHETSEL, | ) |
| | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT WHETSEL'S SUMMARY JUDGMENT MOTION**

Plaintiff Shurman Duncan is a prisoner who alleges a violation of his constitutional rights through deliberate indifference to his medical needs at the Oklahoma County Jail. Plaintiff's Second Amended Complaint (May 30, 2008) ("Second Amended Complaint"). Defendant Whetsel has moved for summary judgment,[1] and the Court should grant the motion.[2]

STANDARD FOR SUMMARY JUDGMENT

Summary judgment is necessary when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). When a summary judgment motion is filed, "[t]he court views the record and draws all favorable

---

[1] Defendant John Whetsel's Motion for Summary Judgment and Brief in Support (Oct. 3, 2008) ("Defendant Whetsel's Motion for Summary Judgment").

[2] Mr. Cody had filed a motion to dismiss. This motion will be addressed separately.

inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citation omitted).

The burden of persuasion falls on the Plaintiff for the elements of a *prima facie* case.[3] Because Mr. Whetsel does not bear the burden of persuasion, he need only produce affirmative evidence negating an essential element of the Plaintiff's claims or show that he lacks evidence to carry his burden of persuasion. *See id.* Once the Defendant satisfies his burden of production, the Plaintiff can only avoid summary judgment if he presents evidence creating "an inference of the existence of each element essential to the case with respect to which [he] has the burden of proof." *Terra Venture, Inc. v. JDN Real Estate-Overland Park, L.P.*, 443 F.3d 1240, 1243 (10th Cir. 2006) (citations omitted).

## ALLEGED DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS

The Plaintiff alleges deliberate indifference through a denial of medical treatment. Second Amended Complaint at pp. 6-18. A liberal construction of the complaint[4] reveals a request for damages and injunctive relief. The claim for damages would implicate Sheriff Whetsel in both his official and individual capacities, but the claim for injunctive relief would involve him solely in his official capacity.[5]

---

[3] *See Doe v. Bagan*, 41 F.3d 571, 573 (10th Cir. 1994) (stating that the plaintiffs bear the burden of proof on the essential elements of their case in a claim involving Section 1983).

[4] *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*).

[5] *See DeVargas v. Mason & Hanger-Silas Mason Co.*, 844 F.2d 714, 718 (10th Cir. 1988) ("An action for injunctive relief no matter how it is phrased is against a defendant in official capacity only; plaintiff seeks to change the behavior of the governmental entity.").

Defendant Whetsel has challenged the sufficiency of the evidence for deliberate indifference on the claims in both capacities. On the official capacity claim, the Defendant argues a lack of evidence involving deliberate indifference to the Plaintiff's medical needs. Defendant Whetsel's Motion for Summary Judgment at pp. 15-18. And on the individual capacity claims, Mr. Whetsel argues that he enjoys qualified immunity based on the absence of an underlying constitutional violation. *Id.* at p. 12.

Both arguments turn on the existence of evidence involving deliberate indifference. In support, Defendant Whetsel has presented evidence which reflects a lack of deliberate indifference to the Plaintiff's medical needs.[6] Once Mr. Whetsel did so, Mr. Duncan could avoid summary judgment only by submission of evidence that would create an inference of deliberate indifference. *See supra* p. 2. The Plaintiff did not provide any such evidence, and Mr. Whetsel is entitled to summary judgment.[7]

---

[6] *See* Defendant Whetsel's Supplement to Filed Document 12-3 "Exhibit 1-Special Report Pursuant to Martinez," Exh. 1 (Dec. 28, 2007) ("Special Report, Vol. 1"); Defendant Whetsel's Supplement to Filed Document 12-3 "Exhibit 1-Special Report Pursuant to Martinez," Exh. 2 (Dec. 28, 2007) ("Special Report, Vol. 2"); Defendant Whetsel's Supplement to Filed Document 12-3 "Exhibit 1-Special Report Pursuant to Martinez," Exh. 3 (Dec. 28, 2007) ("Special Report, Vol. 3").

[7] Defendant Whetsel also seeks summary judgment on grounds involving a failure to exhaust available administrative remedies, lack of personal participation, constitutionality of his customs and policies, lack of personal participation, and absence of *respondeat superior* liability. Defendant Whetsel's Motion for Summary Judgment at pp. 9-11, 13-15, 18-19. The Court need not address these arguments in light of the suggested ruling. *See infra* pp. 4-10.

I.      Factual Background

Mr. Duncan alleges injuries resulting from two jailhouse altercations. Second Amended Complaint at pp. 6, 9. In February 2007, the Plaintiff suffered an injury to his back; and in August 2007, he hurt his right hand. Special Report, Vol. 1 at p. 12; Special Report, Vol. 2 at pp. 53-54, 57. Mr. Duncan alleges deliberate indifference to serious medical needs through a denial of medical care for the two injuries. Second Amended Complaint at pp. 7-13.

II.     Necessity of Deliberate Indifference for a Constitutional Violation

The Eighth Amendment requires prison officials to "provide humane conditions of confinement" for inmates. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).[8] As a result, deliberate indifference to a prisoner's serious injury is actionable under Section 1983. *See Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). A prison official violates the Eighth Amendment when the deprivation was "sufficiently serious" and resulted from "deliberate indifference" to an inmate's health or safety. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

III.    No Deliberate Indifference in the Treatment of Mr. Duncan's Back Injury

Mr. Duncan argues that prison officials had acted with deliberate indifference to his back injury. Second Amended Complaint, *passim*. In response, Sheriff Whetsel has denied the allegations and has submitted evidence to the contrary. *See supra* p. 3. The Plaintiff has

---

[8]     Because the Plaintiff was a pretrial detainee at the relevant time, his claims are governed by the Fourteenth Amendment's Due Process Clause. *See Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998). The scope of this protection is coextensive with the Eighth Amendment. *See id.*

not responded or presented evidence to support his allegations. Accordingly, Sheriff Whetsel is entitled to summary judgment on this aspect of the Plaintiff's claim of deliberate indifference to medical needs.

Mr. Duncan allegedly injured his back on February 20, 2007. Second Amended Complaint at p. 6; *see supra* p. 4. On that day, a physician's assistant provided Tylenol, prescribed a muscle relaxer, and ordered an x-ray of Mr. Duncan's lumbar spine. Special Report, Vol. 1 at pp. 15, 17. The x-ray results were normal, but within a week the Plaintiff requested a change in medication and examination by "an outside physician" for continuing pain. *Id.* at pp. 19-20, 22, 25. On March 6, 2008, Mr. Duncan was examined and given Naprosyn for the pain. *See id.* at p. 26. Following a third request for medical treatment,[9] Dr. William Holcomb evaluated the Plaintiff and renewed the prescriptions for the Robaxin, Tylenol, and Naprosyn.[10]

In early April 2007, Mr. Duncan requested another back x-ray and medical evaluation due to his continuing back pain. *Id.* at pp. 40-41. In response, x-rays were taken of the Plaintiff's cervical and thoracic spine. *Id.* at pp. 30, 42. The tests yielded normal findings, but the Plaintiff complained of continued pain and requested examination by a back specialist. *Id.* at pp. 45-47, 57; Special Report, Vol. 2 at p. 3. On June 7, 2007, Dr. Holcomb evaluated the Plaintiff and prescribed an extra mattress to alleviate the pain. Special Report,

---

[9]  *See* Special Report, Vol. 1 at p. 27.

[10]  Special Report, Vol. 1 at p. 30.

Vol. 2 at p. 4. And in late July, the Plaintiff was prescribed an additional muscle relaxer. *Id.* at pp. 18, 25.

The undisputed facts reflect that the Plaintiff had: (1) repeatedly seen medical staff; (2) obtained x-rays; and (3) received pain medication, muscle relaxers, and an extra mattress for alleviation of the pain.

This evidence forecloses the existence of a genuine issue of material fact on the element of deliberate indifference to Mr. Duncan's medical needs. Mr. Duncan acknowledges the treatment, but adds that he is continuing to experience pain. Second Amended Complaint at pp. 8, 11. Mr. Duncan apparently believes he should have been sent to a back specialist,[11] but "a mere difference of opinion between the prison's medical staff and the inmate . . . does not support a claim of cruel and unusual punishment." *Ramos v. Lamm*, 639 F.2d 559, 575 (10th Cir. 1980).

The Tenth Circuit Court of Appeals recently addressed similar circumstances in *Duffield v. Jackson*, 545 F.3d 1234 (10th Cir. 2008). In *Duffield*, the plaintiff-inmate complained of lower back pain and prison medical staff provided multiple examinations, prescribed medication, and performed x-rays. *See Duffield v. Jackson*, 545 F.3d at 1236, 1239. Despite the treatment, the plaintiff alleged that he still suffered pain and that prison officials had exhibited deliberate indifference through the failure to send him to an outside specialist. *See id.* at 1236, 1239. The federal district court rendered summary judgment for

---

[11] The Plaintiff states that Dr. Holcomb had acknowledged the appearance of "a serious back injury" and the need for referral to a specialist. Second Amended Complaint at p. 8.

the defendants based on the absence of deliberate indifference. *See id.* at 1237. The Tenth Circuit Court of Appeals affirmed, rejecting the plaintiff's claim that he should have been sent to a specialist:

> [T]he "contention that [the prisoner] was denied treatment by a specialist is . . . insufficient to establish a constitutional violation." The decision that a patient's condition requires a specialist is a decision about the patient's course of treatment, and "negligent diagnosis or treatment of a medical condition do[es] not constitute a medical wrong under the Eighth Amendment." We cannot say that the magistrate judge committed plain error in finding that the [prison's] failure to consult more with outside specialists did not amount to deliberate indifference.

*Id.* at 1239 (citations omitted).

*Duffield v. Jackson* is controlling. Defendant Whetsel has presented evidence that jail officials treated Mr. Duncan by providing examinations, prescription medication, and x-rays. *See supra* pp. 5-6. The Plaintiff's insistence on the need for a specialist reflects only a difference of opinion. Even if prison officials should have pursued this course of treatment, the failure to do so would not have violated the Eighth Amendment. Accordingly, summary judgment is necessary on Mr. Duncan's claim involving treatment of the back injury.[12]

---

[12] *See Ledoux v. Davies*, 961 F.2d 1536, 1537 (10th Cir. 1992) ("Plaintiff's belief that he needed additional medication, other than that prescribed by the treating physician, as well as his contention that he was denied treatment by a specialist is . . . insufficient to establish a constitutional violation." (citations omitted)).

IV.     No Deliberate Indifference in the Treatment of Mr. Duncan's Hand Injury

Mr. Duncan also alleges deliberate indifference in the treatment of a hand injury. *See supra* p. 4. But again he lacks any supporting evidence.

In August 2007, the Plaintiff allegedly injured his right hand during an altercation with another inmate. *See supra* p. 4. Dr. Holcomb ordered an x-ray, which revealed fractures in the base of the third and fourth metacarpal bones. Special Report, Vol. 2 at pp. 29, 35, 38, 39.[13] Dr. Holcomb prescribed medication and referred the Plaintiff to an outside orthopedic specialist, who examined the hand on September 21, 2007. *See id.* at pp. 30-34, 41, 47, 48, 56-57. That physician noted a fracture at the base of the right third metacarpal with minimum displacement, but added that the break was healing. *Id.* at p. 57. The doctor recommended range of motion exercises and a follow-up examination as needed. *Id.*

One week later, Mr. Duncan still complained of pain in his hand and prison medical staff prescribed Ibuprofen and Tylenol and ordered a follow-up with the orthopedist. Special Report, Vol. 3 at pp. 8-9.

The Tenth Circuit Court of Appeals addressed a similar situation in *Inman v. Stock*, 248 Fed. Appx. 892, 895 (10th Cir. Sept. 20, 2007) (unpublished op.). There the plaintiff injured his hand and prison medical officials ordered an x-ray which revealed a fracture of

---

[13]     The radiology report appeared inconsistent. In one portion, it stated: "All the carpal joints, metacarpophalangeal, proximal and distal interphalangeal joints are well aligned. No fracture or dislocation is seen . . . . Normal right hand." Special Report, Vol. 2 at pp. 35, 37. But another part of the report stated: "There are fractures involve [sic] the base of the third and fourth metacarpals." *Id.* at p. 35. And on one copy of the report, Dr. Holcomb noted an obvious fracture of the third metacarpal. *Id.* at p. 37.

8

the third metacarpal bone of his right hand.  *See Inman v. Stock*, 248 Fed. Appx. at 893.  Prison officials prescribed medication and referred the plaintiff to an orthopedic specialist.  *See id.*  The orthopedist noted that a cast was unnecessary because the fracture had healed.  *See id.*

Dissatisfied with his treatment, the inmate sued under Section 1983 for deliberate indifference to the hand injury.  *See id.*  The federal district court dismissed the complaint, concluding that the defendant was entitled to qualified immunity because the allegations involved only negligence.  *See id.* at 894-95.  The Tenth Circuit Court of Appeals affirmed, stating:

> [W]e agree with the magistrate judge and the district court that [the prisoner] has not alleged any facts indicating that Ms. Stock and Dr. Bloor were deliberately indifferent to his injury. Ms. Stock examined [the prisoner] three days after his injury, ordered x-rays, and determined that no other medical intervention appeared necessary. When his complaints persisted, she examined him for a second time five days later, again ordered x-rays, and prescribed medication. She also arranged for him to be seen by an orthopedic surgeon when the x-rays revealed a fractured metacarpal bone, and she followed up with the orthopedic surgeon in order to continue providing [the prisoner] with appropriate care.
>
> Even assuming Ms. Stock was negligent, the alleged negligence is not sufficient to state a valid §1983 claim against her or her supervising physician, Dr. Bloor. "Medical decisions that may be characterized as 'classic examples of matters for medical judgment,' such as whether one course of treatment is preferable to another, are beyond the [Eighth] Amendment's purview."

*Id.* at 895 (citations omitted).

*Inman v. Stock* is persuasive.  *See* Tenth Cir. R. 32.1(A).  As in *Inman*, the present evidence reflects treatment for the broken hand, including an x-ray, pain medication, and

referral to an orthopedist. *See supra* p. 8. The Plaintiff apparently believes that he should have obtained additional treatment. But as stated above, a difference in medical opinion does not reflect violation of the Eighth Amendment. *See supra* pp. 4, 6-7. Based on the evidence presented, the Court should conclude that summary judgment is necessary on the claim involving treatment for the hand injury.

V.      Summary

Defendant Whetsel has presented evidence of reasonable treatment for the Plaintiff's medical needs. *See supra* pp. 5-6, 8. The Plaintiff failed to respond, leaving Mr. Whetsel's evidence undisputed. The lack of deliberate indifference is fatal to the Plaintiff's official capacity Eighth Amendment claim. *See supra* p. 2. Likewise, Mr. Whetsel is entitled to qualified immunity on the individual capacity claims in the absence of an underlying constitutional violation. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (in the absence of an underlying constitutional violation, the defendant is entitled to summary judgment).[14]

RECOMMENDATION AND NOTICE OF THE RIGHT TO OBJECT

The Court should grant Defendant Whetsel's motion for summary judgment.

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by March 10, 2009. *See* W.D. Okla. Local Civil

---

[14]     The Supreme Court recently departed from other aspects of the opinion in *Saucier*. *Pearson v. Callahan*, __ U.S. __, 129 S. Ct. 808, 813-16 (2009).

Rule 72.1. The failure to timely object would foreclose appellate review of the suggested ruling.[15]

## STATUS OF THE REFERRAL

The referral is not terminated.

Entered this 18th day of February, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[15] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").