IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SHURMAN DUNCAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-1250-HE |
| | ) |
| MIKE CODY and | ) |
| JOHN WHETSEL, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION ON
## THE CLAIMS INVOLVING DEFENDANT MIKE CODY

The present report addresses the status of Defendant Mike Cody. Mr. Cody moved for dismissal based on allegations which had appeared in the first amended complaint, but not in the second one. Thus, the motion to dismiss fails to address the current allegations against Mr. Cody. Nonethelss, the arguments for summary judgment by a co-defendant, John Whetsel, are equally applicable to Mr. Cody. In these circumstances, the Court should *sua sponte* grant summary judgment to Mike Cody for the reasons addressed in the prior report involving co-defendant Whetsel.

Mr. Cody initially appeared as a defendant in the first amended complaint. There the Plaintiff blamed Mr. Cody for inadequate medical attention on the part of an individual named "Dr. Joe." Mr. Cody filed a motion to dismiss with respect to the first amended

complaint. There he addressed the Plaintiff's allegations as an effort "to hold Mr. Cody liable for the alleged misdiagnosis of plaintiff's condition" by Dr. Joe.[1]

The Plaintiff filed a second amended complaint, which did not mention "Dr. Joe," either directly or indirectly. Nonetheless, Mr. Cody stood on his earlier brief.[2] Thus, Mr. Cody's argument for dismissal is not responsive to the claims in the second amended complaint.

Rather than overrule the motion to dismiss, the Court should consider the implications of the prior recommendation for summary judgment to Mr. Whetsel. Defendant Whetsel had moved for summary judgment based in part on a lack of evidence involving deliberate indifference.[3] With this motion, the Plaintiff was alerted to his obligation to present evidence of deliberate indifference in his medical treatment at the Oklahoma County Detention Center.[4] Mr. Duncan failed to respond, and the undersigned recommended summary

---

[1] Special Appearance and Motion to Dismiss of Defendant, Mike Cody to Plaintiff's First Amended Complaint and Brief in Support at p. 5 (June 16, 2008).

[2] Mr. Cody stated that the allegations in the second amended complaint had "not deviate[d]" from those in the first amended complaint. Special Appearance and Response of Defendant, Mike Cody to Plaintiff's Second Amended Complaint (Nov. 17, 2008). This statement was not accurate.

[3] Defendant John Whetsel's Motion for Summary Judgment and Brief in Support at pp. 12, 15-18 (Oct. 3, 2008).

[4] *See* Order (Oct. 3, 2008) (explaining the Plaintiff's evidentiary burden created by Sheriff Whetsel's filing of a summary judgment motion); *see also* Order Requiring Service and Special Report at p. 2 (Nov. 16, 2007) (stating that the Plaintiff "must attach whatever evidence as is appropriate under Fed. R. Civ. P. 56 in connection with a motion for summary judgment").

judgment to Mr. Whetsel in light of the absence of a material factual dispute.[5] The reasoning in the earlier report would apply equally to the existing claims against Mr. Cody.

The United States Supreme Court has held that a court may enter summary judgment *sua sponte* so long as the losing party was on notice that it had a duty to present all of its evidence.[6] Defendant Whetsel's summary judgment motion provided Mr. Duncan with notice of his duty to present evidence of deliberate indifference.[7] He did not, and the Court should *sua sponte* enter summary judgment in favor of Defendant Cody.[8]

The parties can object to the present report and recommendation. Any such objection must be filed with the Clerk of this Court by March 16, 2009.[9] The failure to timely object

---

[5] Report and Recommendation on Defendant Whetsel's Summary Judgment Motion at pp. 2-10 (Feb. 18, 2009).

[6] *Celotex Corporation v. Catrett*, 477 U.S. 317, 326 (1986).

[7] *See supra* p. 2.

[8] *See Malak v. Associated Physicians, Inc.*, 784 F.2d 277, 280 (7th Cir. 1986) ("where one defendant files a motion for summary judgment which the court grants, the district court may *sua sponte* enter summary judgment in favor of additional non-moving defendants if the motion raised by the first defendant is equally effective in barring the claim against the other defendants and the plaintiff had an adequate opportunity to argue in opposition to the motion" (citation omitted)); *see also Gibson v. Wal-Mart Stores, Inc.*, 181 F.3d 1163, 1170 (10th Cir. 1999) (stating that district court's ruling to enforce arbitration was applicable to a third-party beneficiary of the agreement even though that party had not specifically joined in the motion to compel arbitration, *citing Malak v. Associated Physicians, Inc.*).

[9] *See* W.D. Okla. Local Civil Rule 72.1.

would foreclose appellate review of the suggested award of summary judgment to Mr. Cody.[10]

The referral is not terminated.

Entered this 24th day of February, 2009.

*Robert E. Bacharach*
Robert E. Bacharach
United States Magistrate Judge

---

[10] *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *cf. Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").